**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| CARLOS ALMODOVAR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT WILKIE, SECRETARY, )<br>UNITED STATES DEPARTMENT )<br>OF VETERANS AFFAIRS, )<br>)<br>Defendant. ) | Case No. 1:19-cv-00166-LEW |

**ANSWER**

Defendant, Robert Wilkie, Secretary of the U.S. Department of Veterans Affairs, by and through undersigned counsel, hereby answers the Complaint (ECF No. 1, Oct. 3, 2018) brought by Plaintiff Carlos Almodovar as follows:

**SPECIFIC DENIALS AND RESPONSES**

The Headings and Counts in the Complaint set forth Plaintiff's characterization of the action, claims for legal relief, and/or legal conclusions, not allegations of fact requiring a response, and are otherwise denied by Defendant to the extent deemed necessary. Answering specifically each numbered paragraph of the Complaint, and using the same numbering contained therein, Defendant pleads as follows pursuant to Federal Rule of Civil Procedure 8(b):

1.  Paragraph 1 contains Plaintiff's characterization of the action, claims for legal relief, and/or legal conclusions, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

2.  Paragraph 2 contains conclusions of law, jurisdiction, and/or venue, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

1

3.     Paragraph 3 contains conclusions of law, jurisdiction, and/or venue, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

4.     Defendant denies Paragraph 4 on the basis of the Court's April 17, 2019, Order (ECF No. 7, Saylor, D.J.).

5.     Paragraph 5 contains conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

6.     Paragraph 6 contains conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

7.     Defendant denies the allegations comprising Paragraph 7 as inaccurate on the basis of Plaintiff's formal EEO Complaint, VA Form 4939, which shows that he contacted an EEO counselor on February 8, 2016 rather than March 15, 2016, and that March 15, 2016 was instead the date on which Plaintiff, by and through counsel, filed his formal EEO Complaint with the U.S. Department of Veterans Affairs' Office of Resolution Management via facsimile. Pursuant to Federal Rule of Civil Procedure 10(c), Defendant appends hereto as **Attachment 1** a redacted copy of the referenced formal EEO complaint, which is fairly incorporated by reference in Plaintiff's Complaint, susceptible to judicial notice, and authentic.

8.     The Complaint does not contain a Paragraph 8.

9.     Defendant denies the allegations comprising Paragraph 9 as inaccurate on the basis of Plaintiff's formal EEO Complaint, VA Form 4939, which shows that March 15, 2016, rather than April 8, 2016, was the date on which Plaintiff, by and through counsel, filed his formal EEO Complaint with the U.S. Department of Veterans Affairs' Office of Resolution Management via facsimile in Case No. 200H-0402-2016102073.

10.   Defendant denies the allegations comprising Paragraph 10 as inaccurate, unsupported, and/or incomplete.  Defendant further clarifies that on December 5, 2016, Plaintiff received the results of the U.S. Department of Veterans Affairs' Office of Resolution Management Investigative Report in Case No. 200H-0402-2016102073, rather than a "Final Agency Decision," and that Plaintiff did not request a Final Agency Decision.

11.   Defendant denies the allegations comprising Paragraph 11 as inaccurate, unsupported, and/or incomplete.  Defendant further clarifies that Plaintiff did not file "an appeal" with the Equal Employment Opportunity Commission, but instead on January 5, 2017, filed a Request for Hearing that was assigned EEOC Case No. 520-2017-00248X.

12.   Defendant denies the allegations comprising Paragraph 12 as inaccurate, unsupported, and/or incomplete.  Defendant further clarifies that the Equal Employment Opportunity Commission has not made a final decision in EEOC Case No. 520-2017-00248X because Plaintiff filed the instant federal court action prior to a final hearing being held in his administrative matter.

13.   Defendant admits Paragraph 13 only to the extent that the Equal Employment Opportunity Commission conducted a pre-hearing conference in EEOC Case No. 520-2017-00248X on August 22, 2018, and assigned a hearing date of January 23, 2019, but otherwise denies the remainder of the allegations comprising Paragraph 13 as inaccurate, unsupported, and/or incomplete.

14.   Defendant lacks sufficient knowledge or information to admit or deny the allegations comprising Paragraph 14 and on that basis denies the same.

15.   Paragraph 15 contains conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

16. Defendant admits that the U.S. Department of Veterans Affairs is headquartered at 810 Vermont Avenue, N.W., Washington, DC 20420 and that Robert Wilkie is the Secretary of the U.S. Department of Veterans Affairs sued here as Defendant in his official capacity, but otherwise denies the remainder of the allegations comprising Paragraph 16 as containing conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

17. Defendant admits that the U.S. Department of Veterans Affairs employs more than twenty employees, but otherwise denies the remainder of the allegations comprising Paragraph 17 as containing conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

18. Paragraph 18 contains conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

19. Defendant admits that Plaintiff is employed as a Diagnostic Radiologic Technologist by U.S. Department of Veterans Affairs at the Togus VAMC in Augusta, Maine, but otherwise denies the remainder of the allegations comprising Paragraph 19 as containing conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

20. Defendant denies the allegations comprising Paragraph 20 as inaccurate, unsupported, and/or incomplete.

21. Defendant admits Paragraph 21 only to the extent that Plaintiff participated in other EEO matters prior to initiating Case No. 200H-0402-2016102073 with the U.S. Department of Veterans Affairs' Office of Resolution Management, but otherwise denies the remainder of the allegations comprising Paragraph 21 as inaccurate, unsupported, and/or

incomplete, and additionally as containing conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

22. Defendant denies the allegations comprising Paragraph 22 as inaccurate, unsupported, and/or incomplete.

23. Defendant denies the allegations comprising Paragraph 23 as inaccurate, unsupported, and/or incomplete.

24. Defendant denies the allegations comprising Paragraph 24 as inaccurate, unsupported, and/or incomplete.

25. Defendant denies the allegations comprising Paragraph 25 as inaccurate, unsupported, and/or incomplete, and additionally as containing conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

26. Defendant denies the allegations comprising Paragraph 26 as inaccurate, unsupported, and/or incomplete.

27. Defendant denies the allegations comprising Paragraph 27 as inaccurate, unsupported, and/or incomplete, and additionally as containing conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

28. Defendant admits Paragraph 28 only to the extent that Plaintiff participated in other EEO matters prior to initiating Case No. 200H-0402-2016102073 with the U.S. Department of Veterans Affairs' Office of Resolution Management, but otherwise denies the remainder of the allegations comprising Paragraph 28 as inaccurate, unsupported, and/or

incomplete, and additionally as containing conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

29. Defendant denies the allegations comprising Paragraph 29 as inaccurate, unsupported, and/or incomplete, and additionally as containing conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

30. Defendant denies the allegations comprising Paragraph 30 as inaccurate, unsupported, and/or incomplete, and additionally as containing conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

31. With respect to Paragraph 31, Defendant reasserts and incorporates by reference all prior answers and responses herein made to the Complaint.

32. Defendant denies the allegations comprising Paragraph 32 as inaccurate, unsupported, and/or incomplete.

33. Defendant admits Paragraph 33 only to the extent that Plaintiff was informed that he was not selected for the position of Supervisory Diagnostic Radiologist Technologist (not "Lead Radiological Technician") on January 22, 2016, but otherwise denies the remainder of the allegations comprising Paragraph 33 as inaccurate, unsupported, and/or incomplete, and additionally as containing conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

34. Defendant denies the allegations comprising Paragraph 34 as inaccurate, unsupported, and/or incomplete.

35. Defendant denies the allegations comprising Paragraph 35 as inaccurate, unsupported, and/or incomplete.

36. Defendant denies the allegations comprising Paragraph 36 as inaccurate, unsupported, and/or incomplete, and additionally as containing conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

37. With respect to Paragraph 37, Defendant reasserts and incorporates by reference all prior answers and responses herein made to the Complaint.

38. Defendant admits Paragraph 38 only to the extent that Plaintiff participated in other EEO matters prior to initiating Case No. 200H-0402-2016102073 with the U.S. Department of Veterans Affairs' Office of Resolution Management, but otherwise denies the remainder of the allegations comprising Paragraph 38 as inaccurate, unsupported, and/or incomplete, and additionally as containing conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

39. Defendant denies the allegations comprising Paragraph 39 as inaccurate, unsupported, and/or incomplete, and additionally as containing conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

40. Defendant denies the allegations comprising Paragraph 40 as inaccurate, unsupported, and/or incomplete.

41. Defendant denies the allegations comprising Paragraph 41 as inaccurate, unsupported, and/or incomplete.

42. Defendant denies the allegations comprising Paragraph 42 as inaccurate, unsupported, and/or incomplete, and additionally as containing conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

43. With respect to Paragraph 43, Defendant reasserts and incorporates by reference all prior answers and responses herein made to the Complaint.

44. Defendant denies the allegations comprising Paragraph 44 as inaccurate, unsupported, and/or incomplete, and additionally as containing conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

45. Defendant denies the allegations comprising Paragraph 45 as inaccurate, unsupported, and/or incomplete, and additionally as containing conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

46. Defendant denies the allegations comprising Paragraph 46 as inaccurate, unsupported, and/or incomplete.

47. With respect to Paragraph 47, Defendant reasserts and incorporates by reference all prior answers and responses herein made to the Complaint.

48. Defendant denies the allegations comprising Paragraph 48 as inaccurate, unsupported, and/or incomplete, and additionally as containing conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

49. Defendant denies the allegations comprising Paragraph 49 as inaccurate, unsupported, and/or incomplete.

50. Defendant denies the allegations comprising Paragraph 50 as inaccurate, unsupported, and/or incomplete.

51. With respect to Paragraph 51, Defendant reasserts and incorporates by reference all prior answers and responses herein made to the Complaint.

52. Defendant admits Paragraph 52 only to the extent that Plaintiff is a male, but otherwise denies the remainder of the allegations comprising Paragraph 52 as containing conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

53. Defendant denies the allegations comprising Paragraph 53 as inaccurate, unsupported, and/or incomplete.

54. Defendant lacks sufficient knowledge or information to admit or deny the allegations comprising Paragraph 54 and on that basis denies the same.

55. Defendant lacks sufficient knowledge or information to admit or deny the allegations comprising Paragraph 55 and on that basis denies the same.

56. Defendant denies the allegations comprising Paragraph 56 as inaccurate, unsupported, and/or incomplete.

57. The Complaint does not contain a Paragraph 57.

58. Defendant denies the allegations comprising Paragraph 58 as inaccurate, unsupported, and/or incomplete, and additionally as containing conclusions of law, not allegations of fact, as to which no response is required and which Defendant otherwise denies to the extent deemed necessary.

Plaintiff's "WHEREFORE" statements and prayers for relief do not contain allegations of fact requiring a response. Defendant otherwise denies the same to the extent deemed necessary.

## GENERAL DENIAL

Except to the extent expressly admitted above, Defendant denies each and every allegation of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES AND OBJECTIONS

Defendant hereby asserts the following Affirmative Defenses in this case pursuant to Federal Rule of Civil Procedure 8(c):

A. The Complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

B. Plaintiff has failed to exhaust his administrative remedies with the agency and EEOC.

C. Plaintiff has failed to fully and in good faith exhaust the administrative complaint review process with the agency and EEOC

D. Plaintiff has not timely presented his allegations to the agency such that his claims should be dismissed as barred by the applicable statute(s) of limitations.

E. Plaintiff has failed to mitigate any damages claimed in this action.

F. Any employment actions taken by Defendant concerning Plaintiff were taken for legitimate, non-discriminatory reasons.

G. There was no discriminatory animus against Plaintiff in connection with any employment actions taken by Defendant concerning Plaintiff.

H. No adverse employment action was taken against Plaintiff.

I. Defendant is not be liable pursuant to *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

J. All prior resolutions of disputes by Plaintiff with Defendant constitutes an accord and satisfaction that precludes the instant litigation and/or any discrete claim comprising the instant litigation.

K. Plaintiff's remedies are limited by 42 U.S.C. § 2000e-16, incorporating 42 U.S.C. § 2000e-5.

L. To the extent Plaintiff attempts to assert a claim for failure to reasonably accommodate and such claim survives, the agency's conduct was job-related and consistent with business necessity within the scope of the defense provided in 42 U.S.C. § 12113(a).

M. To the extent Plaintiff attempts to assert a claim for failure to reasonably accommodate and such claim survives, any such accommodation would impose an undue hardship on the operation of the agency's business pursuant to 42 U.S.C. § 12112(b)(5)(A).

N. To the extent Plaintiff attempts to assert a claim for failure to reasonably accommodate and such claim survives, the agency engaged in good faith efforts pursuant to 42 U.S.C. § 1981a(a)(3).

O. Plaintiff has waived his claims against Defendant.

P. Plaintiff has released his claims against Defendant.

Q. Plaintiff is equitably estopped from asserting claims against Defendant.

R. Plaintiff is barred by the equitable doctrine of laches from asserting claims against Defendant.

S. Plaintiff is not entitled to punitive damages.

WHEREFORE, Defendant requests pursuant to his Answer and Affirmative Defenses that the Court dismiss the Complaint, enter judgment for Defendant, and grant any other such relief as the Court deems proper.

Dated: June 5, 2019
       Portland, Maine

Respectfully submitted

HALSEY B. FRANK
United States Attorney

/s/ Andrew K. Lizotte
Andrew K. Lizotte
Assistant U.S. Attorney
100 Middle Street
East Tower, 6th Floor
Portland, ME 04101
(207) 771-3246
Andrew.Lizotte@usdoj.gov

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 5, 2019, I electronically filed the foregoing using the CM/ECF system, which will send electronic notifications of such filing(s) to all counsel of record.

                Halsey B. Frank
                United States Attorney


                /s/ Andrew K. Lizotte
                Andrew K. Lizotte
                Assistant U.S. Attorney
                100 Middle Street
                East Tower, 6th Floor
                Portland, ME 04101
                (207) 771-3246
                Andrew.Lizotte@usdoj.gov