### SETTLEMENT AGREEMENT: EEO CASES NOT ALLEGING AGE DISCRIMINATION

This Settlement Agreement ("Agreement") is between Carlos Almodovar ("Aggrieved Person/Complainant") and the Department of Veterans Affairs ("Agency") collectively referred to as the "Parties." For and in consideration of the promises and covenants herein contained, the Parties hereby agree that:

**1. Withdrawal and Waiver:** The Aggrieved Person/Complainant:

a. Withdraws all pending informal and formal EEO complaints, including but not limited to, EEO Case No(s). 200H-0402-2012102033. Waives or withdraws any other complaints, claims, grievances, appeals or other actions against the Agency and its past and present officers and employees, in their personal or official capacities, whether formal or informal, which are or may be asserted by the Aggrieved Person/Complainant or on the Aggrieved Person/Complainant's behalf, based on any event occurring before the Aggrieved Person/Complainant's execution of this Agreement.

**2. Agency Obligations:** The Agency shall:

a. Rescind reprimand dated May 18th, 2011 to be completed no later than May 4th, 2012.

b. 10 Day paper suspension dated February 2nd, 2012 shall be rescinded effective November 3rd, 2012.

c. 20 Day proposed suspension dated April 16th, 2012 shall be dismissed by the agency effective no later than May 4th, 2012.

d. Pay attorney fees of $1750.00 paid to Lambert Coffin, P.O. Box 15215, Portland Maine, 04112-5215 as soon as possible but no later than June 30th, 2012.

e. Reassignment to the Lewiston/Auburn Community Based Outpatient Clinic as Radiology Technologist effective when the L/A radiology equipment is installed and operational, on or about September 15th, 2012.

f. If the radiology equipment is not installed and operational by September 15th 2012, the agency shall provide to the complainant, an anticipated date of reassignment.

**3. Enforcement:**

If the Aggrieved Person/Complainant believes that the Agency has breached this Agreement, he/she must notify the Deputy Assistant Secretary for Resolution Management (ORM) in writing, within 30 calendar days after the date of the alleged breach. If ORM determines a breach has occurred, the Aggrieved Person/Complainant may elect to have this Agreement implemented, or to have any waived or withdrawn complaint(s) or other actions reinstated and processed from where processing ceased. The Parties understand that, before any complaint or other action can be reinstated, the Aggrieved Person/Complainant must return to the status quo before this Agreement's

Joint R. Ex. B

Page 1 of 4

Signers' Initials: _CA_ _RGM_ _RSL_ _[signature]_

Revised May 2012

execution: specifically and for any complaint, the Aggrieved Person/Complainant must forfeit all benefits received and return all money paid to or for his/her benefit under this Agreement before ORM will reinstate the complaint. Pursuant to 29 C.F.R. § 1614.504, the Aggrieved Person/Complainant may appeal to the Equal Employment Opportunity Commission (EEOC) if he or she believes that the Agency has either not fully implemented this Agreement or has improperly failed to reinstate his or her complaint.

### 4. Further Understandings:

a. This Agreement does not constitute an admission of guilt, liability, or wrongdoing by either Party and is entered into solely to resolve the subject matter of this Agreement.

b. This Agreement constitutes the entire understanding between the Parties. No other oral or written terms or commitments exist between the Parties.

c. This Agreement addresses unique circumstances and shall not serve as precedent or past practice for resolving any other matter involving the Agency.

d. Except as explicitly provided in this Agreement, the Aggrieved Person/Complainant shall be solely responsible for the payment of attorney fees and costs, if any, related to prosecution of discrimination complaints and other actions against the Agency referenced in paragraph 1.

e. The Aggrieved Person/Complainant shall be solely responsible for the payment of all taxes, if any, attributable to this Agreement. The Agency makes no representations concerning the tax consequences of this Agreement.

f. This Agreement shall be made a part of the record of the Aggrieved Person/Complainant's above referenced discrimination complaint(s) and remains enforceable under the jurisdiction of the EEOC following dismissal of this case.

g. If a binding determination is made that any term(s) of this Agreement is/are invalid, the remaining terms of this Agreement shall remain effective unless prohibited by law.

h. This Agreement may not be modified except by a written agreement signed by all Parties.

i. The Aggrieved Person/Complainant enters into this Agreement voluntarily and without duress or coercion.

This Agreement shall be effective upon the date of the last required signature identified below.

**FOR THE AGGRIEVED PERSON/COMPLAINANT:**

_____   03 MAY 2012
Aggrieved Person/Complainant         Date

Rog G. Marcl                         May 3, 2012

Page 2 of 4

Signers' Initials: _____ RGM RSC ____

**REQUIRED REVIEW BY LEGAL COUNSEL:**

~~Concur~~ / Non-concur

_____Bruce W. Williams_____     _____5-3-12_____
**Counsel for Agency**                                         **Date**

____Regional Counsel Attorney____
**Title**