

**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF RESOLUTION MANAGEMENT
151 Knollcroft Road Building 16
Lyons, NJ 07939

In reply refer to: 08E

June 15, 2016

VIA: Certified Mail

Robert Stone
Law Office of Robert F. Stone, Esq.
P. O. Box 183
South Deerfield, MA 01373

SUBJECT: **Notice of Partial Acceptance of the EEO Complaint for Carlos Almodovar, Case No. 200H-0402-2016102073, filed March 15, 2016, against officials of the Togus VA Medical Center in Togus, ME**

1. On February 8, 2016, your client initiated contact with an EEO counselor. Counseling concluded on March 1, 2016, when your client was mailed[1] the *Notice of Right to File a Discrimination Complaint*, which was received on March 3, 2016. On March 15, 2016, your client filed a formal complaint of discrimination, VA Form 4939.

2. During informal counseling, your client identified three claims involving denied MRI training on April 19, 2013, a non-selection for a Lead Diagnostic Radiologic Technologist position from Vacancy Announcement VHA-402-13-JEG-934527 on October 9, 2013, and a non-selection for the position of Supervisory Diagnostic Radiologic Technician position from on January 22, 2016. In his formal complaint, your client identified the same matters, but included them as part of a hostile work environment claim. While we note the EEO counselor did not capture a specific claim of a hostile work environment for the three matters presented during informal EEO counseling, in the light most favorable to your client, we will consider the three matters as part of a hostile work environment claim.

3. Therefore, your client's complaint of discrimination raises the following claim:

   **Whether the complainant was subjected to a hostile work environment based on sex (male),[2] reprisal (prior EEO activity), and disability as evidenced by the following events:**

   1. On April 19, 2013, the complainant was not selected for an MRI training opportunity.

   2. On October 9, 2013, Dr. Luis Gonzalez did not select the complainant for a Lead Diagnostic Radiologic Technologist, GS-12, position from Vacancy Announcement VHA-402-13-JEG-934527.

---

[1] Complainant did not obtain representation until after counseling concluded.
[2] The basis of sex was identified during informal EEO counseling.

000185

**Joint R. Ex. J**

00**9**80

US-VA-000132

3. On January 22, 2016, Dr. Luis Gonzalez did not select the complainant for a Supervisory Diagnostic Radiologic Technologist, GS-12 position from Vacancy Announcement VHA-402-16-LLR-1531368.

4. <u>Events 1 and 2</u> above constitute discrete acts that were not raised within 45 days of occurrence. Your client sought to explain his delay in not raising claim 1 involving denied MRI training because he anticipated being selected for the Lead Diagnostic Radiologic Technologist position and felt that although the denied training was done in an "underhanded" way, he hoped for the best and moved on, which he now realized was wrong. Regarding claim 2, his non-selection for the Lead Radiologic Technologist position, and not making contact with ORM within 45 days of the event, in his formal complaint, your client stated he was "too frustrated to believe that the retaliation [was] continuing from the previous case which went in [his] favor," and he felt if he pursued another case he would lose his employment because of all the unfairness he had experienced so far.

EEO regulations require aggrieved persons who believe they have been discriminated against to consult with an EEO counselor within 45 calendar days of the date of the alleged discriminatory act 29 C.F.R. § 1614.105 (a) (2). These regulations further provide that this time limit may be extended if the complainant (1) was not notified of the time limit and was otherwise unaware of it, or (2) did not know and reasonably should not have known that the discriminatory incident or personnel action occurred, or (3) despite due diligence, was prevented by circumstances beyond control from contacting the counselor sufficiently by the time limit, or (4) for other reasons considered sufficient by the agency or the Commission.

Regarding events 1 and 2, Talent Management System (TMS) records evince your client's training in the Prevention of Sexual Harassment/No Fear during May 2014, which was in close proximity to these events. More significant, however, is that your client participated in two prior EEO cases – EEO complaint number 200H-0402-2011103040, initiated April 28, 2011, and 200H-0402-2012102033, initiated March 2, 2012. We therefore consider your client aware of the requirement to contact an EEO counselor within 45 days of an event deemed discriminatory in nature. Accordingly, we consider your client's response insufficient to waive the 45-day time limitation, and **events 1 and 2 are DISMISSED <u>as an independently actionable claims</u>** pursuant to 29 C.F.R. §1614.107(a)(2) for failing to comply with the regulatory time limits. However, these two matters will be included as evidence in the harassment claim as they involve the same management officials identified in the instant complaint.

5. **<u>Event 3</u> above constitutes a timely raised discrete act that is hereby ACCEPTED for investigation as independently actionable claim. This event represents an additional action taken against your client by managers in his supervisory chain. This event is therefore considered sufficiently related to the overall pattern of harassment and will be included for consideration in the analysis of the harassment claim.**

US-VA-000133

Page 3
Notice of Partial Acceptance
Carlos Almodovar
200H-0402-2016102073

6. In assessing a hostile environment claim, the totality of the circumstances must be examined, including (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance. A hostile environment claim generally requires a showing of a pattern of denigrating conduct that unreasonably interferes with an individual's work performance or creates an intimidating, hostile, or offensive working environment. In determining whether harassment is sufficiently severe or pervasive to create a claim of hostile environment, the harasser's conduct is evaluated from the objective standpoint of a reasonable person. An objectively hostile or abusive work environment is created only when a reasonable person would find it hostile or abusive.

We have determined your client's claim of harassment fails the severe or pervasive requirement for further processing. There is a two year gap in time between events 1, 2, and 3, and the events cannot be construed from a reasonable person standpoint to be physically threatening or humiliating, or be considered matters that would create an intimidating, hostile, or offensive working environment.

7. However, because this complaint also alleges reprisal, we must determine whether there are any factors that would deter a reasonable person from participating in the EEO complaint process before we can dismiss the harassment claim for failure to state a claim because it does not pass the severe or pervasive test. Your client clarified that his basis of reprisal for EEO activity began with event 1. Because close proximity in non-selections is not required to state an actionable harassment claim, we have determined the three events, when considered in concert, would prevent or deter a reasonable person from participating in the EEO complaint process.

8. Therefore, as outlined above, <u>event 3</u> has been <u>accepted</u> for investigation <u>as an independent claim</u>, and your overall <u>harassment claim, including events 1-3, is accepted</u> for investigation. <u>Events 1 and 2 are dismissed as an untimely independent claims</u> but remain as events in your client's harassment claim. There is no immediate right to appeal the dismissed portion of the complaint. Your client will have the right to appeal the partial dismissal once final action is taken by the agency on the remainder of the complaint.

9. If your client believes that the accepted claim is improperly formulated, incomplete, or incorrect, this office must receive written notice within **7 calendar days** of receipt of this letter. Any written statement of disagreement will be included in the complaint file. We will assume that the claim is correctly stated if no statement indicating otherwise is received by this office within **7 calendar days**.

10. We will assign the accepted claim to an impartial investigator under the supervision of the Office of Resolution Management (ORM). The investigator will contact you and your client directly in order to obtain information or evidence you may wish to offer. The investigator is only authorized to investigate the claim specified above.

11. Your client has additional rights that are fully explained in the enclosure to this letter.

12. **Failure to keep this office advised of any change of address could lead to dismissal of this complaint.** All subsequent actions on the complaint will be mailed or delivered to you with copies to the complainant, unless the complainant advises us in writing that s/he is no longer represented by you.

13. Our fax number is (908) 604-5261. If you have any questions, please contact Susan Epting, Case Manager, at (781) 687-3812.

Sincerely,

*James D. Jindra*

James D. Jindra
District Manager

Enclosure: Complainant Rights

cc: Carlos Almodovar
 4 Ledgewood Drive
 Brunswick, ME 04011

 Ryan S. Lilly, Facility Director

## Complainant Rights

The investigation must be completed within 180 calendar days of filing your complaint. You will receive a copy of the investigative file upon completion. You will be advised, in writing, of your right to request a **Final Agency Decision (FAD)** from the VA's Office of Employment Discrimination Complaint Adjudication (OEDCA) in Washington, DC, or a **hearing** by an administrative judge appointed by the Equal Employment Opportunity Commission (EEOC).

### Requesting a Hearing

In order to request a hearing, you must meet the following criteria:
- You have received your completed investigative file -OR-
- 180 calendar or more days elapsed since you filed your formal complaint (and you have not received your complete investigative file)

| To request that EEOC appoint an administrative judge to hear your complaint, you must complete EEOC's "Hearing Request Form" and send it to: | You must send a copy of your EEOC hearing request to this office: |
|---|---|
| U.S. Equal Employment Opportunity Commission<br>New York District Office<br>33 Whitehall Street 5th Floor<br>New York NY 10004<br>(Please check for address) | Department of Veterans Affairs<br>Office of Resolution Management (08E)<br>151 Knollcroft Road<br>Building 16<br>Lyons, NJ 07939 |

You are required to certify to the EEOC administrative judge that you sent a copy of the request for a hearing to the Office of Resolution Management at the above address.

### Requesting a Final Agency Decision

To request a FAD, you must have received your completed investigative file.

| To request a FAD, submit the FAD request form which will be included in your investigation file to: |
|---|
| Department of Veterans Affairs<br>Office of Resolution Management (08E)<br>151 Knollcroft Road, Building 16<br>Lyons, NJ 07939 |

If you request a FAD, it will be rendered by VA's Office of Employment Discrimination Complaint Adjudication (OEDCA) in Washington, DC. The FAD will address all claims, and a decision will be made on the merits of your complaint. You may appeal the FAD to EEOC if you are dissatisfied with the decision. OEDCA will provide you with specific information regarding your appeal rights following its final agency decision, including your right to file a civil action in an appropriate United States District Court.

### Requesting Civil Action

If you have not received a copy of the investigative file within 180 calendar days from date you filed your formal complaint, and you do not wish to have a hearing, you also have the right to file a civil action in an appropriate United States District Court. If you file a civil action, the court may, at its discretion and upon your request, appoint an attorney to represent you in the matter, if you do not have or cannot afford one. The court may also authorize the civil action to begin without payment of fees, costs, or other security. Finally, if you decide to file a civil action, you must name Robert A. McDonald, Secretary of Veterans Affairs as the defendant.

### Requesting ADR

The EEOC encourages the use of Alternative Dispute Resolution (ADR) to resolve EEO complaints. Agencies and complainants can realize many advantages from using ADR. ADR offers parties the opportunity for an early, informal resolution of disputes in a mutually satisfactory fashion. If you are interested in using mediation to address the issues raised in your complaint, please contact the ORM case manager listed in the letter or the ADR program manager at workplaceadr@va.gov.



US-VA-000137